﻿Citation Nr: AXXXXXXXX
Decision Date: 12/07/18 Archive Date: 12/07/18

DOCKET NO. 181001-449
DATE: December 7, 2018
REMANDED
Entitlement for service connection for a psychiatric disability, to include posttraumatic stress disorder (PTSD) as due to in-service personal assault, is remanded.
REASONS FOR REMAND
The appellant served on active duty in the United States Navy from August 1980 to August 1984. 
This case comes before the Board of Veterans’ Appeals (Board) on appeal from an August 2018 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO).
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The appellant chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program, in June 2018. This decision has been written consistent with the new AMA framework.
The appellant asserts that he has PTSD as a result of an in-service personal assault. Specifically, he reports that he was sexually assaulted during a medical examination in May or June of 1984, just prior to his discharge from active service. The appellant contends that his naval record lacks corroborative evidence of the in-service assault because it occurred so close to his separation, and that he began his terminal leave just after the incident. As such, he contends there are no military performance reviews or other personnel records from his active duty period that could support his claim. The appellant has stated that he did not report the incident at the time. After a review of the evidence of record, the Board finds that further development is necessary prior to adjudicating this claim on appeal. 
Prior to the August 2018 rating decision on appeal, the appellant indicated that he began working for the Internal Revenue Service (IRS) shortly after his separation from service and that he was frequently moved around while employed in the federal civilian service due to perceived personality conflicts, which he attributes to his PTSD symptoms. See June 2017 Statement in Support of Claim. He also claimed that he was forced to retire early from that job. As evidence of the appellant’s difficulties with his employment may be evidence that corroborates his in-service personal assault by demonstrating a change in behavior, the Board finds that VA’s duty to assist is triggered and that these federal records should be obtained on remand. 38 C.F.R. § 3.159(c). 
The Board also notes that prior to the August 2018 rating decision on appeal, the appellant was diagnosed with further mental health disabilities to include a Mood Disorder NOS, a Panic Disorder without agoraphobia, and Depression NOS. See January to February 2014 VA Treatment Records. Reading the appellant’s claim for service connection for PTSD broadly and sympathetically, the Board has recharacterized the issue on appeal as one for entitlement to service connection for a psychiatric disability, to include PTSD. See Clemons v. Shinseki, 23 Vet. App. 1, 4-5 (2009). In recharacterizing the issue on appeal, the Board notes that, while a VA examination has been obtained which addressed the etiology of the appellant’s diagnosed PTSD, there is no medical opinion of record which addresses the etiology of the appellant’s other diagnosed psychiatric disabilities. As such, the Board finds that remand is necessary to obtain a VA examination and medical opinion addressing whether the appellant’s claimed in-service stressor is the proximate cause of his other psychiatric disabilities. See McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006). 
The matter is REMANDED for the following action:
1. Obtain the appellant’s federal employment personnel records, to include those from Internal Revenue Service (IRS). If authorization is required to obtain these records, the RO must request the necessary authorization from the appellant. Document all requests for information, as well as all responses in the claims file. If the RO determines that the records do not exist, or that further attempts to obtain the records would be futile, the appellant should be notified in accordance with 38 C.F.R. § 3.159(e). 
2. Schedule the appellant for a psychiatric examination to determine the nature and etiology of any current psychiatric disability, to include posttraumatic stress disorder (PTSD). The examiner must explain how the diagnostic criteria are met and opine whether it is at least as likely as not that PTDS is related to a verified in-service stressor. 
If PTSD is diagnosed, the examiner should specify the stressor or stressors supporting the diagnosis. If the appellant’s stressor is based on an in-service personal assault, the examiner must opine whether the appellant’s service records and his federal employment records contain evidence of behavior changes following the claimed assault (such as a deterioration in work performance, substance abuse, episodes of depression, panic attacks or anxiety without an identifiable cause) which corroborate the claimed in-service personal assault. See 38 C.F.R. § 3.304(f)(5)). If the examiner finds that evidence indicates that a personal assault occurred during the appellant’s active service, the examiner must opine whether any PTSD is at least as likely as not related to the in-service personal assault. 
If any other acquired psychiatric disability is diagnosed, the examiner must opine whether it is at least as likely as not related to an in-service injury or disease. 

 
K. Conner
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD K. Kleponis, Associate Counsel